**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0535, <u>Kimberly McCormick v. New Hampshire Department of Health and Human Services & a.</u>, the court on April 10, 2023, issued the following order:**

The motion filed by the plaintiff, Kimberly McCormick, on January 24, 2023, seeking, among other things, to recuse or disqualify counsel for the defendants, the New Hampshire Department of Health and Human Services (DHHS) and its Commissioner, is denied. The court's former employment of counsel for the defendants, which ended prior to the filing of this appeal, does not disqualify his present representation of the defendants. <u>See</u> <u>N.H. R. Prof. Conduct</u> 1.12(a). The plaintiff's request in her brief for appointment of an appellate attorney is also denied.

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff appeals an order of the Circuit Court (<u>Kane</u>, R., approved by <u>Ryan</u>, J.) dismissing, on the basis of res judicata, her small claim complaint in which she challenged the defendants' administration of certain benefits to her, including decisions of DHHS's Administrative Appeals Unit. Because we agree with the defendants that the circuit court lacked subject matter jurisdiction over the complaint, we vacate its decision, and direct it, upon remand, to dismiss the complaint for lack of jurisdiction.

DHHS is required to provide an appeals process for individuals who apply for or receive services. <u>Petition of Parker</u>, 158 N.H. 499, 503 (2009); RSA 126-A:5, VIII (Supp. 2022). DHHS has provided that process through <u>New Hampshire Administrative Rules</u>, Chapter He-C 200. <u>See</u> <u>Parker</u>, 158 N.H. at 503, 504. "The only judicial review of a fair hearings decision issued by [DHHS] is by petition for a writ of certiorari." <u>Petition of Hagenbuch</u>, 169 N.H. 555, 558 (2017) (quotation omitted).

The circuit court is a court of limited jurisdiction, its powers limited to those conferred by statute upon the former district and probate courts and the former judicial branch family division. <u>State v. Graham</u>, 175 N.H. 61, 62 (2022); <u>see</u> RSA 490-F:3, :18 (Supp. 2022). Its jurisdiction does not include certiorari review of DHHS fair hearings decisions. <u>Cf</u>. RSA 502-A:14 (2010) (defining civil jurisdiction of circuit court district division); RSA 503:1 (Supp. 2022) (defining small claim jurisdiction of the circuit court district division). Nor does its jurisdiction include "claims" made against State agencies. <u>See</u> RSA 541-B:1, II-a, :9 (2021) (defining "claim" for purposes of RSA chapter 541-

B, and generally limiting jurisdiction over such claims to the board of claims and the superior court).  Accordingly, the circuit court lacked jurisdiction over the small claim complaint, and we vacate its order and remand with instructions to dismiss the complaint for lack of subject matter jurisdiction.

<u>Vacated and remanded</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2